Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 09203 | **DATE** | 12/11/2012 |
| **CASE TITLE** | Timothy R. Parma vs. Fairshare Foods | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this Order, the plaintiff's application to proceed *in forma pauperis* [4] is granted and motion for appointment of counsel [5] is denied without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

   Plaintiff Timothy R. Parma filed this action against Defendant Fairshare Foods on November 16, 2012 alleging employment discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Parma alleges Defendant Fairshare Foods discriminated against him by failing to give him appropriate pay raises, forcing him to retrieve shopping carts from the neighborhood without providing a reasonable accommodation for his disability, forcing him to clean toilets, and prohibiting him from working stock, while allowing other employees to perform that duty. *See* Dkt. 1 at 5, 8. Parma filed charges with the Equal Employment Opportunity Commission ("EEOC") on February 25, 2011. *See id.* at 2; *see also id.* at 8 ("Charge of Discrimination," received March 3, 2011). He received a Notice of Right to Sue on August 17, 2012. *See id.* at 3; *see also id.* at 7 ("Notice of Right to Sue," mailed August 17, 2012). Now before the Court are the plaintiff's application to proceed *in forma pauperis* ("IFP") and motion for appointment of counsel.

   The plaintiff's IFP application has been adequately completed and filed; therefore, the IFP application is granted. Parma's motion for appointment of counsel, however, falls short of the necessary showing. "There is no constitutional or statutory right to counsel in federal civil cases," *Romanelli v. Suliene,* 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote,* 503 F.3d 647, 656 (7th Cir. 2007)), but "the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Id.* at 851 (citing *Pruitt,* 503 F.3d at 654). As such, when a *pro se* "litigant requests counsel, [this Court] must ask (1) 'has the indigent plaintiff made a reasonable attempt to retain counsel or been effectively precluded from making such efforts…'; and if so, (2) 'given the difficulty of the case, [does] the plaintiff appear competent to try it himself?'" *Gruenberg v. Gempeler,* 697 F.3d 573, 581 (7th Cir. 2012) (citing *Pruitt,* 503 F.3d at 654).

   After considering the appropriate factors, the Court concludes that appointing counsel is

not warranted at this time. According to the plaintiff's motion, he has only sought legal assistance from "Equip[] for Equality" and the "[K]ane Legal Clinic." These efforts to retain counsel, alone, are inadequate for purposes of a motion for appointment of counsel. For instance, the plaintiff has not indicated that he has attempted to secure an attorney on a contingency basis; nor has the plaintiff indicated, as required by the application, why he has been unable to find an attorney. Furthermore, the allegations set forth in the plaintiff's complaint are not so complex that an attorney is necessary at this stage in the litigation.

Accordingly, the motion to appoint counsel is denied without prejudice.

| | Courtroom Deputy Initials: | AIR |
|---|---|---|